IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-000960-RBJ

ANGELA RENITA BOYKINS,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,[1]

      Defendant.

---

# ORDER

---

      This case is before the Court on plaintiff Angela Renita Boykins' Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [ECF No. 20].

## FACTS

      Ms. Boykins applied for social security disability benefits and supplemental security income benefits on December 10, 2008, asserting that she had been disabled as of August 8, 2008[2] due to post-traumatic stress disorder ("PTSD"), bipolar disorder, insomnia, colitis, migraines, panic disorder, depression, and asthma. Ms. Boykins' application for benefits was initially denied on April 14, 2009. Ms. Boykins requested a hearing before an Administrative Law Judge (ALJ). After holding a hearing on July 26, 2010, the ALJ issued an unfavorable

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. Fed. R. Civ. P. 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this lawsuit.

[2] This alleged onset date was later amended to October 29, 2007.

decision denying Ms. Boykins social security benefits.  The Appeals Council denied her request for review on February 21, 2012, and Ms. Boykins filed a timely appeal to this Court on April 10, 2012.

In her appeal Ms. Boykins argued that the ALJ erred by failing (1) to develop the record fully, specifically with regard to whether Ms. Boykins suffered from a somatoform disorder, (2) to give proper weight to the medical source opinions, and (3) to link his credibility findings to substantial evidence.  In an Order issued September 9, 2013, this Court reversed the ALJ's decision and remanded the case for further proceedings.  [ECF No. 18].  Specifically, this Court held that the ALJ gave proper weight to the medical source opinions and linked his credibility findings to substantial evidence, but that the ALJ failed to properly develop the record with regard to whether Ms. Boykins suffered from a somatoform disorder.  The Court noted that while there was very little in the record about the somatoform disorder, there was a "glaring issue of serious undiagnosed abdominal pain" alongside a notable failure to even mention Ms. Boykins' multiple hospitalizations for abdominal pain.  The Court held that because the medical evidence was inconclusive as to the cause of Ms. Boykins' abdominal pain, a potentially significant medical condition, the ALJ had a duty to develop the record more fully on this issue under *Hawkins v. Chater*, 113 F.3d 1162 (10th Cir. 1997).

## ANALYSIS

### A. Award of Fees Under the EAJA.

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, to prevail under the EAJA, a party must show (1) that it was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, a plaintiff is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[3] *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007).  In an order dated September 9, 2013 this Court reversed the decision of the Commissioner to deny Ms. Boykins benefits and remanded back to the Commissioner for additional review.  [ECF No. 18].  Thus, Ms. Boykins was the prevailing party.  The government has not argued that there are any special circumstances that make an award unjust.  Therefore, this analysis focuses on the second prong: whether the government's position was substantially justified.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified.  *Hackett*, 475 F.3d at 1170.  In litigation following an administrative proceeding, the government's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position.  *Id.* at 1174.  EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position."  *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).  In this circuit, substantially justified means that the government's position had a reasonable basis in both law and fact.  *Veltman v. Astrue*, 261 F. App'x 83, 85 (10th Cir. 2008).  The government's position is not justified if its position is considered unreasonable "as a whole."  *Hackett*, 475 F.3d at 1175.

---

[3] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

In the process of analyzing a social security disability application, the ALJ is responsible for ensuring "'that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360–61 (10th Cir.1993)).  In *Hawkins v. Chater* the Tenth Circuit examined "what quantum of evidence a claimant must establish of a disabling impairment or combination of impairments before the ALJ will be required to look further." *Id.* at 1166.  The panel found that "it is clear that, where . . . the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim." *Id.* (citing *Thompson v. Sullivan,* 987 F.2d 1482, 1491 (10th Cir.1993)).

The Commissioner argues that her position was substantially justified because "reasonable minds could differ on whether *Hawkins* dictated the result in this case" as *Hawkins* discusses the need for a consultative examination, which was not at issue in this case.  [ECF No. 21].  Yet just because reasonable minds could differ on this point does not mean that there was substantial justification in support of the Commissioner's decision not to explore the somatoform disorder at the agency level.  An ALJ's duty to fully develop the record is a well-established rule that every ALJ should know and must follow.  As noted in the September 9, 2013 Order, though Ms. Boykins' attorney did not raise the issue of a somatoform disorder until a post-hearing brief, she did request "additional time to develop the somatic issue and/or a supplemental hearing with ME testimony to address the issue of onset." [*See* ECF No. 18 at 11].  Her request was denied because the ALJ found that "the record as it is currently constituted is sufficient to support a decision." *Id.* (citing Administrative Record at 14).

This position was not substantially justified.  As noted above, the Court found that there was a "glaring issue of serious undiagnosed abdominal pain."  At minimum, this issue coupled with the plaintiff's request to more fully develop the record on a possible somatoform disorder triggered the ALJ's duty to conduct further investigation.  By failing do so, the ALJ's decision did not have a reasonable basis in law and thus the Commissioner's position was not substantially justified.

**B. <u>Request of Fees</u>.**

Plaintiff requests an award of $3,952.00 in attorney's fees accrued through the litigation of the instant motion, constituting 21.3 hours of attorney time at a rate of $185.54 per hour. [ECF No. 20-2].  The Commissioner does not dispute the amount requested.  [*See* ECF No. 21].

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The Court finds that the hours claimed for attorney work are reasonable.  In addition, the Court notes that Ms. Atkinson undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting Ms. Boykins' position, and obtained a favorable result for her.

In light of the hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court concludes that an attorney's fee of $3,952.00 ($185.54 per hour multiplied by 21.3 hours) is reasonable.

**C. <u>Assignment of Award</u>.**

The plaintiff further asks this Court to assign the award of fees directly to Ms. Atkinson pursuant to the Assignment of the EAJA Fee submitted by the plaintiff, subject to any offset by

the Treasury Department to satisfy any debts the plaintiff may personally owe to the government. The defendant opposes assignment of the award, contending that EAJA awards are payable to the litigant regardless of any assignment.[4]  Notably, no Tenth Circuit or Supreme Court case is cited in support of this position.  The only case binding on this Court that has been cited by the defendant is *Astrue v. Ratliff*, 560 U.S. 586 (2010).

In *Astrue v. Ratliff*, the Supreme Court held that an EAJA award is payable to the litigant, not to his or her attorney, such that it is subject to offset for satisfaction of any pre-existing debt owed by the litigant to the United States.  560 U.S. at 588–98.  The case was pursued by an intervening party, an attorney whose fee award was reduced based on her client's pre-existing debt to the government.  The attorney argued that the EAJA's term "prevailing party" meant the attorney, not the litigant, as this reading would have insulated the award from offset for the litigant's debts.  The Court disagreed.  Notably, the government's position was that "it most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney," thereby supporting its argument that the "assignment would not be necessary if the statute rendered the fees award payable to the attorney in the first instance."  *Id.* at 597.  The majority further noted that "the Government has since continued the

---

[4] The Court pauses to note that the government paints its position as such: "EAJA awards are payable to the litigant *regardless of any assignment*.  *E.g.*, *Preston v. Astrue*, 156 Soc. Sec. Rep. (CCH) 348 (M.D. Fla. 2010); *Washington v. Astrue*, C/A No. 3:08-CV-2631-DCNJRM, 2010 U.S. Dist. LEXIS 76956, at *15–*16 (D.S.C. July 29, 2010)."  [ECF No. 21 at 5] (emphasis in original).  Yet upon a cursory search the Court found quite a split regarding this question.  Many courts have in fact found that payments are to be made directly to the assignee where an assignment has been executed, including a published case from the Sixth Circuit.  *See e.g.*, *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012); *Beshears v. Astrue*, 6:09-CV-06064, 2010 WL 3522469, *2 (W.D. Ark. Sept. 2, 2010); *Patterson v. Comm'r of Soc. Sec. Admin.*, 5:09-CV-1566, 2010 WL 3211139, *2 (N.D. Ohio Aug. 11, 2010); *Castaneda v. Astrue*, EDCV 09-1850-OP, 2010 WL 2850778, *3 (C.D. Cal. July 20, 2010).  It is the duty of attorneys to accurately represent the law to the Court.  The Court admonishes the government's attempt to mislead the Court through the picking and choosing of cases in its favor alongside the use of an "e.g." signal without any suggestion that its blanket statement is not as universally true as suggested.  The statement should have been reworded as to have been less decisive on the issue (e.g., "Some courts find that EAJA awards are payable only to the litigant, regardless of any assignment."), as the current formulation is misleading at best, and at worst a clear misstatement of the state of the law.

direct payment practice only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" *Id.* The government's position in this motion (as the Court can discern, for it is not thoroughly briefed) is that *Ratliff* effectively proscribes the direct payment of attorney's fees to the prevailing litigant's attorney even when an assignment has been made. Yet the holding of the case is inapposite to this question; furthermore, its dicta support Ms. Boykins' position that her assignment remains valid.

A review of the dissent further illuminates that the case is about the offset of the award, not about to whom the check is ultimately made. The dissent focuses on the question of "whether Congress intended the Government to deduct moneys from EAJA fee awards to offset a litigant's pre-existing and unrelated debt," not whether assignments are proscribed under the EAJA. *Id.* at 599 (Sotomayor, J., dissenting). In particular, the dissent argues that "[s]ubjecting EAJA fee awards to administrative offset for a litigant's debts will unquestionably make it more difficult for persons of limited means to find attorneys to represent them." *Id.* at 600–01. Based on its reading of *Ratliff*, the Court holds that Ms. Boykins remains free to assign her EAJA award to her attorney, subject to satisfaction of any pre-existing debt owed by Ms. Boykins to the United States.

The government next argues that even if the EAJA can be read in support of the freedom of assignment, a litigant cannot assign the right to her award under the Anti-Assignment Act ("AAA"), 31 U.S.C. § 3727. The Act states, in pertinent part: "An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). The government's formulation of the effect of this language is not entirely accurate. A litigant can in fact assign the right to her award to her attorney. *Murkeldove v. Astrue*, 635 F.3d 784, 794 (5th Cir. 2011) ("[T]he [Anti-Assignment]

Act serves as a defense that the Government can raise against a claim and not . . . an *ex ante* bar

to forming a contingency-fee agreement."); *cf. Delmarva Power & Light Co. v. United States*,

542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government can waive the Anti-Assignment

Act's prohibition of the assignment of claims).  However, the government may also request that

the assignment be voided pursuant to the Act.  Thus, when an assignment has been executed

"[l]itigants may retain fee awards *only if* the assignment provision becomes void, usually because

the government requests that the court void the provision under the AAA." *Turner v. Comm'r of*

*Soc. Sec.*, 680 F.3d 721, 725 (6th Cir. 2012) (emphasis added).  Notably, the government has not

requested that the Court void the assignment under the AAA or put forth any argument as to why

it should be voided.  Instead, it contends that the Act "generally precludes the assignment of

claims against the United States." [ECF No. 21 at 5].  As these cases make clear, this assertion is

inaccurate; an assignment is permissible though potentially voidable.

Further, the government claims that since it is in the sole discretion of the government to

accept an assignment,[5] it shall "evaluate any assignment and propriety of directing payment to

counsel pursuant to any assignments made by Plaintiff" should the Court award EAJA fees in

this case. [ECF No. 21 at 5–6].  Even presuming the government had requested that this Court

void the assignment, the government would still not be in a position to make either of these

evaluations.

It is the proper role of the Court to determine the validity of the assignment.  *See Rodgers*

*v. Astrue*, 747 F. Supp. 2d 1125, 1128 (E.D. Ark. 2010).  In *Rodgers*, Magistrate Judge J.

Thomas Ray discussed in detail the problems that could ensue should this evaluation be left to

the Commissioner.  First, the attorney "may be placed in administrative limbo for an unknown

---

[5] Though this assertion is true, it is first for the Court to decide whether an assignment is voidable under
the provisions of the Ant-Assignment Act. *See infra* at 8 –9.

but potentially lengthy period of time." *Id.* at 1129.  Second, it would be inappropriate to allow

the Commissioner, who has an inherent interest in the outcome of the issue, to render this

decision.  *Id.*  Third, even if the Commissioner assigned the task to a neutral ALJ, an outcome

against assignment would likely be appealed, thereby returning the question to the original

federal court.  *Id.*  "In other words, the claimant's attorney would be required to embark on an

administrative journey, which might take many months to complete, only to end up once again

before this Court, requesting it to reverse the Commissioner's final decision on attorney's fees."

*Id.*  Judge Ray adds that because it is unquestionably within the jurisdiction of the federal court

(and not the Commissioner) to decide whether to grant an award under the EAJA, whether the

requested amount of fees and expenses is reasonable, and who is entitled to receive those fees

and expenses, the "corollary issues of whether a prevailing claimant has lawfully assigned those

fees and expenses to his or her attorney and whether the claimant owes the government a debt

that should be offset against those fees and expenses are inextricably related to the other issues

which *the Court* must decide in resolving every Application for Attorney's Fees under the

EAJA."  *Id.* (emphasis in original).  The Court is persuaded by Judge Ray's thorough reasoning.

It hereby denies any request by the government to evaluate the assignment.  [*See* ECF No. 6 n.8].

The Court has evaluated the assignment [ECF No. 20-1] and finds no defect on its face.

     The government also contends that it should be the one to evaluate the propriety of

directing payment to counsel pursuant to the assignment.  The government does not elucidate on

what it means by "the propriety of directing payment," however presumably it means whether

the plaintiff owes any outstanding debt to the government.  For the same reasons as stated above,

the Court finds that it is in the best position to determine whether the plaintiff owes an

outstanding debt to the government.  Just as the plaintiff must include documentation in support

of the reasonable attorney's fees being requested, so too must the government put forth evidence in support of any claim that it is owed a debt by the litigant. A claim for a debt owed should be included in the government's response to the initial EAJA request as a requested set off against the fees owed.

## CONCLUSION

In this case, the government did not object to the reasonableness of the attorney's fees presented to this Court. It also made no claim that any debt was owed to the United States by Ms. Boykins nor did it request that the Court void the assignment under the Anti-Assignment Act. The Court found that the plaintiff was entitled to the attorney's fee award under the EAJA, that the amount requested was reasonable, and that the assignment was valid. As such, the Court directs that the approved fee of $3,952.00 shall be made payable to Ann J. Atkinson and be sent directly to her law office as indicated in the plaintiff's motion. [ECF No. 20 at 5].

## ORDER

For the foregoing reasons, the plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [ECF No. 20] is GRANTED. Ms. Boykins is awarded $3,952.00, which shall be made payable to her attorney, Ann J. Atkinson, and delivered to Ms. Atkinson's law offices.

DATED this 21th day of July, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge